UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

SARAH MCCONNELL,                          :
                   Plaintiff              :
                                          :
            v.                            :        No. 5:21-cv-04523
                                          :
NATIONWIDE MUTUAL                         :
INSURANCE COMPANY,                        :
                   Defendant              :

_____

**O P I N I O N**
**Motion to Dismiss Bad Faith Claim, ECF No. 8 - Granted**

**Joseph F. Leeson, Jr.**                               **March 31, 2022**
**United States District Judge**

## I.      INTRODUCTION

This case involves a claim for underinsured motorists benefits.  Defendant Nationwide

Mutual Insurance Company has filed a Motion to Dismiss the bad faith count from the Amended

Complaint.  For the reasons set forth below, the Motion to Dismiss is granted.

## II.     BACKGROUND

On October 15, 2021, Plaintiff Sarah McConnell filed a Complaint against her insurer,

Nationwide, for breach of contract and bad faith.  Thereafter, Nationwide filed a Motion to

Dismiss the bad faith claim on the grounds that the Complaint made only conclusory statements

that Nationwide acted unreasonably and failed to act in good faith, without any factual

allegations to explain how.  The Motion asserted that the Complaint included no factual

allegations to explain why Nationwide did not pay McConnell's underinsured motorist claim.  In

response, McConnell filed an Amended Complaint.

The following facts are taken from the Amended Complaint, *see* Am. Compl., ECF No. 6, and accepted as true for purposes of this Opinion.[1]  On July 26, 2019, McConnell was a passenger on a motorcycle when the driver of a vehicle negligently turned in front of the motorcycle, causing a collision.  McConnell suffered serious injuries in the crash.  The vehicle was insured for a policy limit of $500,000.00.  McConnell had an insurance policy with Nationwide with stacked underinsured motorist limits of $100,000.00 per person and $300,000.00 per accident.  As early as August 2019, McConnell advised her insurer, Nationwide, of the accident and kept Nationwide apprised of her progress in treatment.[2]  However, she did not file a claim for underinsured motorist benefits until December 2020.  In January 2021, McConnell sought permission from Nationwide to settle with the negligent driver for $300,000 of the $500,000.00 policy limits.[3]  Nationwide granted McConnell settlement permission.  In October 2021, Nationwide made an offer of settlement for McConnell's underinsured motorist benefits.[4]

Nationwide has again moved to dismiss the bad faith claim pursuant to Federal Rule of Civil Procedure 12(b)(6) for failing to allege any facts beyond a ten-month delay in payment to show that Nationwide acted unreasonably or recklessly.  *See* Mot. and Mem., ECF No. 8.  Nationwide asserts that the allegations are unsupported legal conclusions insufficient to state a claim.  *See id.*  In Response, McConnell cites to the legal conclusions in paragraph 37 of the Amended Complaint as evidence of bad faith.  *See* Resp. 2-3, ECF No. 9-1.

---

[1]     The Amended Complaint also makes legal conclusions, *see, e.g.* Am. Compl. ¶¶ 28, 37-40, which need not be accepted as true.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[2]     This allegation is new to the Amended Complaint.
[3]     The motorcyclist received a settlement offer of $175,000.00.
[4]     This allegation is new to the Amended Complaint.

### III.    LEGAL STANDARDS

#### A.    Motion to Dismiss - Review of Applicable Law

Under Rule 12(b)(6), the court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted).  Only if "the '[f]actual allegations . . . raise a right to relief above the speculative level'" has the plaintiff stated a plausible claim.  *Id.* at 234 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Id.* (explaining that determining "whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense").  "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010). Also, "a document integral to or explicitly relied upon in the complaint may be considered." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (internal quotations omitted).  The defendant bears the burden of demonstrating that a plaintiff has failed to state a claim upon which relief can be granted.  *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

B.      **Bad Faith – Review of Applicable Law**

"To recover on a bad faith claim, a claimant is required to show by clear and convincing evidence that: (1) the defendant insurer did not have a reasonable basis for denying the policy benefits; and (2) that the insurer knew or recklessly disregarded its lack of reasonable basis when it denied the claim." *Camp v. N.J. Mfrs. Ins. Co.*, No. 16-1087, 2016 U.S. Dist. LEXIS 74496, at *9 (E.D. Pa. June 8, 2016).  To state a bad faith claim for an insurer's failure to pay a claim, "the plaintiff must allege an underlying element of self-interest or ill will." *O'Brien v. Liberty Mut. Ins.*, No. 21-cv-01234, 2021 U.S. Dist. LEXIS 140495, at *5-6 (E.D. Pa. July 28, 2021).  "Mere negligence or bad judgment on the part of an insurer is not considered to be bad faith." *Id.*  "A bad faith claim is 'fact specific' and depends upon the insured's conduct in connection with handling and evaluating a specific claim." *Davis v. Nationwide Mut. Ins. Co.*, 228 F. Supp. 3d 386, 388-89 (E.D. Pa. 2017) (citing *Condio v. Erie Ins. Exch.*, 899 A.2d 1136, 1143 (Pa. Super. 2006)).  "Courts in this Circuit have routinely dismissed bad faith claims reciting only 'bare-bones' conclusory allegations that are not accompanied by factual allegations sufficient to raise the claims to a level of plausibility required to survive a Rule 12(b)(6) motion to dismiss." *Camp*, 2016 U.S. Dist. LEXIS 74496 at *11.

## IV.    DISCUSSION

McConnell has once again failed to allege any facts that would show Nationwide did not have a reasonable basis for denying or delaying her claim.  The Amended Complaint is completely devoid of facts showing that Nationwide recklessly disregarded a reasonable basis or acted in ill-will.  Rather, McConnell offers only conclusory allegations of bad faith.  For example, McConnell alleges that Nationwide's "offer of settlement was inconsistent with the injuries and damages she sustained, and in light of those same injuries and damages, is an

unreasonable and inappropriate offer of settlement." *See* Am. Compl. ¶ 28.  Although the

Amended Complaint lists McConnell's injuries, it does not describe any type of medical

treatments undergone or costs incurred, nor does it detail how much, if any, time she missed

from work, nor does it state the amount of Nationwide's offer.  *Accord Davis*, 228 F. Supp. 3d at

389 (concluding that the defendant-insurer's settlement offer of $7,500 was unreasonable due to

the fact that the plaintiff had been out of work for more than four years and underwent multiple

surgeries and treatments).  The lack of information is especially problematic because McConnell

had already received $300,000 from the tortfeasor's insurer.  McConnell's conclusory allegations

of delay are similarly inadequate to show bad faith.  At most, Nationwide waited approximately

ten months after receiving McConnell's claim for underinsured motorist benefits to make an

offer of settlement.  This length of time, in itself, is insufficient to show bad faith.  *See Williams

v. State Farm*, No. 5:21-cv-00058, 2021 U.S. Dist. LEXIS 120661, at *13 (E.D. Pa. June 29,

2021) (dismissing the bad faith claim and holding that even if the entirety of the delay was

attributable to the insurer, "a period of nine or ten months, without more, is insufficient to

establish bad faith"); *Thomer v. Allstate Ins. Co.*, 790 F. Supp. 2d 360, 370 (E.D. Pa. 2011)

(determining on summary judgment that a forty-two month delay was not bad faith).

      The Motion to Dismiss is granted.  Count II, Bad Faith, is dismissed.  Dismissal is with

prejudice because McConnell, who is represented by counsel, was previously advised of the

deficiencies in her pleadings by the prior Motion to Dismiss and thereafter filed an Amended

Complaint.  *See Randall v. Facebook, Inc.*, 718 F. App'x 99, 102 (3d Cir. 2017) (holding that the

district court did not err when it dismissed the complaint without providing leave to amend

because the plaintiff had previously been permitted to amend his complaint after being advised

of the defects therein); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002)

(explaining that leave to amend need not be granted if amendment would be futile or inequitable); *Franks v. Food Ingredients Int'l, Inc.*, No. 09-3649, 2010 U.S. Dist. LEXIS 77280, at *30 (E.D. Pa. July 30, 2010) (denying leave to amend where the original motion to dismiss alerted the plaintiffs that their allegations might be insufficient to state a claim and the plaintiffs could have, but did not, make the appropriate changes before filing an amended complaint).

## V.   CONCLUSION

Defendant's Motion to Dismiss is granted because there are no factual allegations in the Amended Complaint supporting the bad faith claim.  Because McConnell, who is represented by counsel, was made aware of these deficiencies before filing the Amended Complaint, Count II is dismissed with prejudice.

A separate order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge